# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFT A. Z. DIVINE ALLAH,<br><br>        Plaintiff,<br><br>    v.<br><br>M. SONGER, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:09-cv-01960-LJO-GBC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSING ACTION AS DUPLICATIVE/BARRED BY RES JUDICATA AND FRIVOLOUS<br><br>(Doc. 1) |

Plaintiff Gift A. Z. Divine Allah ("Plaintiff") is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On November 9, 2009, Plaintiff filed this 1983 action which was assigned the case number 1:09-cv-01960-LJO-GBC. Upon review of this case, this Court has concluded that the complaint submitted on November 9, 2009, is substantively identical to the complaint that Plaintiff filed on October 15, 2009, in the case *Allah v. Vasquez, et al.*, 1:09-cv-01888-MJS, which was dismissed with prejudice on September 10, 2010, for failure to state a claim and failure to prosecute. The Court also notes that a similar case, *Allah v. Vasquez, et al.*,1:09-cv-02019-OWW-DLB, was dismissed on December 15, 2009, as duplicative of *Allah v. Vasquez, et al.*, 1:09-cv-01888-MJS.

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua*

*sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

Same as this case, *Allah v. Vasquez, et al.*, 1:09-cv-01888-MJS, involved falsification of medical records and medical malpractice claims stemming from misdiagnosis of Plaintiff having Hepatitis C, Glaucoma and erroneously prescribing the seizure medication Dilantin when in fact Plaintiff believes his medical problems stem from diabetes. Same as this case, Plaintiff's claims are against officers of the same government who are in privity with one another. Different defendants have been added to this case: Chief Medical Officer ("CMO"), Dr. M. Songer; CMO A. Klang; "FNP" Garza; Dr. Odeluga; CMO Jack St. Claire; Dr. Mathos; CMO Curtis Allen; Dr. Booker; Dr. K. Low and; Dr. Win. (Doc. 1). Presumably, these new Defendants are added to this case for their roles in the above mentioned claims of falsifying medical records and misdiagnosing Plaintiff. (Doc. 1). The court in *Allah v. Vasquez, et al.*, 1:09-cv-01888, made a final judgment on the merits of the case, finding that Plaintiff failed to state a claim upon which relief may be granted. *Allah v. Vasquez, et al.*, 1:09-cv-01888 (Docs. 17, 21).

The case currently before the Court stems from the medical claims which were previously litigated against defendants in privity with parties in *Allah v. Vasquez, et al.*, 1:09-cv-01888. A prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Therefore, the Court finds that this current case, *Allah v. Songer, et al.*, 1:09-cv-01960-LJO-GBC, is bared by *res judicata* and was merely duplicative of the previously dismissed suit for failure to state a claim (*Allah v. Vasquez, et al.*, 1:09-cv-01888).

1   Thus, this action is also frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

2       In light of the duplicative nature of the instant action, the Court HEREBY RECOMMENDS
3   that the instant action be DISMISSED as barred by *res judicata*, duplicative and frivolous.

4       These Findings and Recommendations will be submitted to the United States District Judge
5   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
6   **days** after being served with these Findings and Recommendations, plaintiff may file written
7   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
9   specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d
10  1153 (9th Cir.1991).

12      IT IS SO ORDERED.

13  Dated:  May 18, 2011

14                                                UNITED STATES MAGISTRATE JUDGE